UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACQUEN LESHAYE MILLER,

    Plaintiff,

v.                                                                            Case No: 2:14-cv-739-FtM-29CM

ESCALANTE-SPANISH WELLS,
LLC,

    Defendant.

### REPORT AND RECOMMENDATION[1]

Before the Court is Parties' Amended[2] Joint Motion for Approval of Settlement (Doc. 26), filed on August 27, 2015. The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. For the reasons set forth herein, the Court recommends that the settlement be **APPROVED**.

---

[1] A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen (14) days after issuance of the Report and Recommendation containing the finding or conclusion.

[2] The parties originally filed a Joint Motion for Approval of Settlement (Doc. 24) and the Court found that the monetary terms of the settlement agreement appeared to be fair and reasonable. Doc. 25. The Court, however, denied without prejudice the original motion because it contained a confidentiality provision. *Id.* The Court ordered the parties to file an amended joint motion with the confidentiality provision removed as a "confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute." *Dees v. Hydradry, Inc.* 706 F.Supp.2d 1227, 1242 (M.D. Fla. 2010). The parties filed the present amended joint motion; and, rather than restate the allegations contained in the original motion, the parties simply referenced the Court's Order finding that the monetary provisions appeared to be fair and reasonable. Doc. 26 at 1. For purposes of this Report and Recommendation, the Court will periodically refer to the parties' allegations in their original motion to further explain why the settlement agreement should be approved.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, Plaintiff worked for Defendant as an outside customer service assistant. Docs. 1 at ¶ 6. Plaintiff sought damages for unpaid overtime

compensation and minimum wage violations. Doc. 1 at 1. Plaintiff originally calculated the amount owed to her as at least $47,474.10 for minimum wages owed, unpaid overtime, and liquidated damages. Doc. 17-1 at 5. As a reasonable compromise of the disputed issues, the Defendant has agreed to pay to Plaintiff the sum of $23,737.05 for unpaid wages and liquidated damages. Doc. 26-1 at 2. Defendant also has agreed to pay Plaintiff $500.00 as consideration for signing a release. *Id.*

Plaintiff agreed to accept an amount less than the original amount claimed because Plaintiff considered the difficulty in proving her claim for "off the clock work." Doc. 24 at 4. Additionally, the parties considered the detailed and voluminous time and pay records Defendant kept pertaining to Plaintiff. *Id.* Plaintiff also considered evidence that the Department of Labor had investigated Defendant and concluded there was no violation. *Id.* Plaintiff recognized the possibility of collecting nothing. *Id.*

As part of the settlement, the Defendants further agree to pay Plaintiff's attorneys' fees and costs in the amount of $12,787.35. Doc. 26-1 at 2. The parties assert that the amount of attorneys' fees was negotiated separately from the Plaintiff's recovery and did not affect the amount of Plaintiff's recovery. *Id.* Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are

> addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiff. Doc. 24 at 5.

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed monetary terms of the settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements of half or less of the amount claimed in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation, as the parties have recognized here. *See e.g., Diaz v. Mattress One, Inc.,* 2011 WL 3167248, at *1 (M.D. Fla. July 15, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483 (M.D. Fla. June 24, 2014).

The Court notes that the parties have included a general release of claims. Doc. 26-1. A general release is acceptable when supported by consideration, which it is here. *See Raynon v. RHA/Fern Park MR., Inc.*, 2014 WL 5454395 *3 (M.D. Fla. 2014). Thus, having reviewed the settlement documentation (Doc. 26-1), the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1. The Parties' Amended Joint Motion for Approval of Settlement (Doc. 26) be **GRANTED,** and the Settlement Agreement (Doc. 26-1) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** this action with prejudice and the Clerk be directed to close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 15th day of September, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record